# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROETTGEN, CDCR #V-05142,<br><br>                        Plaintiff,<br><br>vs.<br><br>G. HERNANDEZ, Lieutenant;<br>C. DAVIS, Correctional Officer;<br>M.L. LEE, Correctional Officer;<br>J.F. PICKETT, Correctional Officer;<br>I. BRAVO, Correctional Officer;<br>P. SMITH, Correctional Officer;<br>J.L. TOLBERT, Correctional Lieutenant;<br>L. HINKLE, Registered Nurse;<br>J. MERCHANT, Correctional Lieutenant,<br><br>                        Defendants. | Case No.   13-cv-1101 GPC (BGS)<br><br>**ORDER:**<br><br>**1) DENYING PLAINTIFF'S SECOND MOTION FOR EXTENSION OF TIME TO AMEND AS MOOT [ECF Doc. No. 12];**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) AND 28 U.S.C. § 1915(d) [ECF Doc. No. 14]** |

      John Roettgen ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding in pro se and *in forma pauperis* ("IFP") in this civil rights action, which he first initiated pursuant to 42 U.S.C. § 1983 in May 2013.

## I. PROCEDURAL HISTORY

On September 23, 2013, the Court granted Plaintiff's Motion for Leave to Proceed IFP, but sua dismissed his Complaint without prejudice for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See* Sept. 23, 2013 Order (ECF Doc. No. 7). While the Court found Plaintiff's Complaint failed to comply with Federal Rule of Civil Procedure 8, failed to state a conspiracy or due process claim against any defendant, and failed to state a claim for retaliation as to most of the nineteen originally-named defendants, *id.* at 4-8, his excessive force and retaliation claims against Defendants C. Davis, M.L. Lee, P. Smith, and I. Bravo were found sufficient to "survive the sua sponte screening process." *Id.* at 4. Plaintiff was granted 45 days leave to amend in the event he might "attempt to cure" his other defects of pleading, but was cautioned that his Amended Complaint must be complete in itself, that it would supersede his original pleading, and that "any defendant not named and all claims not re-alleged in [his] Amended Complaint [would] be deemed waived. *Id.* at 8-9 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)); *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured.") (citations omitted).

On November 18, 2013, the Court granted Plaintiff's request for clarification as to part of the Court's September 23, 2013 Order, and simultaneously granted him an extension of time in which to submit his Amended Complaint (ECF Doc. No. 9). Plaintiff thereafter filed a "Second Motion for Extension of Time to Amend" (ECF Doc. No. 12), but before the Court could consider that Motion, Plaintiff submitted his First Amended Complaint ("FAC"), which the Court directed the Clerk to accept for filing, despite its untimeliness (ECF Doc. Nos. 13, 14). Plaintiff's FAC names and asserts claims against only nine of the originally named-defendants: G. Hernandez, C. Davis, M.L. Lee, J.F. Pickett, I. Bravo, P. Smith, J.L. Tolbert, L. Hinkle, and J. Merchant. *See* FAC at 3-5.

## II. SCREENING OF PLAINTIFF'S AMENDED COMPLAINT

As Plaintiff is aware, the Court conducts a preliminary review or "screening" of all complaints filed by persons proceeding IFP, and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are found to be frivolous or malicious, those which fail to state a claim, and those seeking damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)."). In addition, courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court may not, however, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

/ / /
/ / /
/ / /
/ / /
/ / /

As currently pleaded, the Court finds the allegations in Plaintiff's First Amended Complaint sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27.[1] Accordingly, the Court will order U.S. Marshal service on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### III. CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1) Plaintiff's Second Motion for Extension of Time to Amend (ECF Doc. No. 12) is **DENIED** as moot.

2) The action is **DISMISSED** as to previously-named Defendants D. Foston, R. Briggs, Mueca, McDaniels, C. Ramos, R. Davis, D. Smith, E. Garza, W.J. Sullivan, and T. Kabban-Miller based on Plaintiff's failure to re-allege any claims against them in his First Amended Complaint. The Clerk is **DIRECTED** to terminate these individuals as parties in this matter.

**IT IS FURTHER ORDERED** that:

3) The Clerk shall issue a summons as to Plaintiff's First Amended Complaint upon the remaining Defendants: G. Hernandez, C. Davis, M.L. Lee, J.F. Pickett, I. Bravo, P. Smith, J.L. Tolbert, L. Hinkle, and J. Merchant, and shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk shall provide Plaintiff with certified copies of this Order, the September 23, 2013 Order Granting Plaintiff Leave to Proceed IFP (ECF Doc. No. 7), and his First Amended Complaint (ECF Doc. No. 14), and include them with the summons so that he may serve each named Defendant named in the First Amended

---

[1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

Complaint. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Upon receipt, the U.S. Marshal shall serve a copy of the First Amended Complaint and summons upon each Defendant as directed by Plaintiff on the USM Form 285s. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

4) Defendants are thereafter **ORDERED** to reply to Plaintiff's First Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

5) Plaintiff shall serve upon the Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED: July 15, 2014

HON. GONZALO P. CURIEL
United States District Judge