UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROETTGEN,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>FOSTON, et al.,<br><br>　　　　　　　Defendants. | Civil No. 13CV1101-GPC (BGS)<br><br>**ORDER: 1) GRANTING REQUEST FOR LEAVE OF COURT TO SERVE DEFENDANT D. SMITH;**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF PLAINTIFF'S FIRST AMENDED COMPLAINT ON D. SMITH PURSUANT TO RULE 4(c)(3) AND 28 U.S.C. § 1915(d); AND**<br><br>**3) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY**<br><br>**[Doc. Nos. 42, 45 ]** |

　　　Plaintiff, a state prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983. Plaintiff moves the Court for leave to serve D. Smith and to direct the U.S. Marshal to serve D. Smith. [Doc. No. 42.] Plaintiff also filed a request for an extension of time to complete fact discovery. [Doc. No. 45.]

**I. Motion for Leave to Serve D. Smith**

　　　Plaintiff claims he has been diligent in his pursuit to serve Defendant D. Smith and that counsel for the other Defendants previously agreed to accept process for D.

Smith. [*Id*.] Defendants' counsel, however, did not agree to accept process, he merely agreed to ask if D. Smith would allow counsel to accept service on his behalf. [Decl. Findley; Doc. No. 47 at ¶ 2.] Counsel states he has not received permission to accept service for D. Smith. [*Id*.]

Defendants' counsel does not oppose an extension of time for Plaintiff to receive an order directing the U.S. Marshal attempt to serve D. Smith at this time.[1] [Doc. No. 47.] Plaintiff's request for an order directing the U.S. Marshals Service to serve the First Amended Complaint ("FAC") on D. Smith is **GRANTED.** The Clerk must issue a summons as to the FAC and forward it to Plaintiff along with a blank U.S. Marshal form 285 for D. Smith. In addition, the Clerk must provide Plaintiff with certified copies of this Order, the September 23, 2013 Order Granting Plaintiff Leave to Proceed IFP [Doc. No. 7], and his First Amended Complaint [Doc. No. 14], and include them with the summons so that he may serve D. Smith.

Upon receipt of the "IFP Package," Plaintiff is directed to complete the Form 285 as completely and accurately as possible, and return it to the U.S. Marshal according to instructions provided by the Clerk in the letter accompanying the IFP Package. Upon receipt, the U.S. Marshal will attempt to serve a copy of the FAC and summons on D. Smith. All costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).

## II. Request for 30-day Extension of Discovery

Plaintiff also moves for a 30-day extension of discovery in order to receive responses to untimely discovery served on July 13, 2015. [Doc. No. 45.] Plaintiff states he prepared follow-up discovery requests and served them on counsel July 13, 2015. [*Id*.] Because the date of service would not permit Defendants sufficient time under the Rules to respond during the allotted fact discovery period, Plaintiff wants an extension of time—until August 17, 2015— to complete discovery. [*Id*.]

///

---

[1] D. Smith is erroneously referred to in the FAC as P. Smith.

Pursuant to the Case Management Order, all fact discovery was to be completed no later than July 17, 2015.  [Doc. No. 36 at1.]  Federal Rule of Civil Procedure 16 governs scheduling and overall case management.  Fed. R. Civ. P. 16.  The Rule specifically provides that "a schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).  The focus of the inquiry is on the moving party's reasons for seeking modification, "if that party was not diligent, the inquiry should end." *Id*.

This Court held a Case Management Conference and issued a scheduling order on March 20, 2015.  Plaintiff was made well aware of the need to begin discovery promptly, to timely complete all discovery, and to seek Court intervention regarding discovery disputes in the time constraints required.  Plaintiff makes no attempt to explain why he propounded no discovery in March, April or May, and why he should therefore receive additional time for fact discovery.  Ultimately, Plaintiff fails to set forth good cause for the extension of time and fails to comply with this Court's Chambers' Rules regarding requests for extensions of time on discovery.  Specifically, Plaintiff does not indicate: 1) why he waited until June 2015 to initiate discovery, 2) what discovery he propounded and received to date, 3) what specific discovery he seeks by way of the extension, and 4) why despite his diligence was he unable to conduct the discovery in a timely fashion.  Accordingly, the motion to extend fact discovery as it relates to served Defendants is denied.

Plaintiff also served discovery requests directed to D. Smith. [Decl. Findley at ¶ 3.] Because D. Smith has yet to be served with the FAC, and has not appeared in this action, counsel could not respond to discovery on his behalf. [*Id*. at ¶ 5.]  Counsel, however, does not oppose an extension of fact discovery to require D. Smith to respond

1  to the Interrogatories and Requests for Admission Plaintiff propounded on June 3, 2013.
2  [*Id.*] Defendant proposes that D. Smith be required to respond to the Interrogatories and
3  Requests for Admission within 30 days of his appearance in the case. [Defs.' Response
4  to P.'s Mot., Doc. No. 46.] The Court agrees that this is a fair compromise and will
5  provide a mechanism to allow the discovery, as well as to keep the case on schedule.  As
6  such, D. Smith is ORDERED to respond to the Interrogatories and Requests for
7  Admission served on June 3, 2015, within 30 days of appearing in this matter.
8       IT IS SO ORDERED.
9  DATED: August 14, 2015

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court