UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROETTGEN,<br><br>                              Plaintiff,<br><br>         v.<br><br>FOSTON, et al.,<br><br>                              Defendants. | Civil No.   13CV1101-GPC (BGS)<br><br>**ORDER RESPONDING TO PLAINTIFF'S REQUEST FOR RULING**<br><br>**[Doc. No. 53 ]** |

    Plaintiff filed a Request for Court Ruling seeking a further ruling on his Reply to Defendants' Opposition to Plaintiff's Motion to Serve D. Smith and Motion for Extension of Discovery. [Doc. No. 53.] Because Plaintiff did not file a noticed motion, the Court ruled on his Motion to Serve and Motion for Extension prior to receiving the Reply. [Doc. No. 48.] The Court granted the Motion to Serve and denied without prejudice the Motion for Extension of Discovery. [*Id*.] Accordingly, the Court will construe Plaintiff's Request for Ruling as a Motion for Reconsideration of the decision issued August 14, 2015.[1]

///

///

---

[1] Plaintiff acknowledges he received the Court's Order on his motions because he specifies: "If nothing else, Plaintiff requests his Reply be treated as a motion for reconsideration of Doc. 48." [Doc. No. 53 at 3.]

1

### I. Motion for Leave to Serve D. Smith

The Court granted this request and it is Plaintiff's responsibility to complete the necessary paperwork in order for the U.S. Marshal to serve D. Smith. The docket reflects a summons was issued along with the appropriate IFP letter on August 14, 2015. [Doc. No. 49.] As such, the Court ruled in Plaintiff's favor and there is no other additional ruling the Court can issue at this time.

### II. Request for 30-day Extension of Discovery

Plaintiff wishes for the Court to reconsider its decision denying Plaintiff's request for a 30-day extension of discovery. [Doc. No. 53 at 3.] The Court, however, denied the request without prejudice and set forth the information Plaintiff needed to provide in order for the Court to consider granting the 30-day extension of discovery. [Doc. No. 45.] Applications for reconsideration require the party seeking relief to present to the judge a statement setting forth the new or different facts and circumstances claimed to exist which did not exist, or were not shown, in the prior request. Civ.L.R. 7.1.i.1.

Plaintiff's request for ruling does not set forth any new or different facts and circumstances not present in the initial request for an extension of time. Thus far, Plaintiff's only articulated bases for his untimely discovery include: 1) the fact his yard was on lock down from July 15, 2015 to August 5, 2015, and 2) that he needed the responses to his first sets of interrogatories before propounding another set. [Doc. Nos. 51, 53.] In addition to not offering any new or different facts or circumstances from the initial request, Plaintiff's reasons are insufficient because timely discovery requests needed to be propounded no later than June 17, 2015 and Plaintiff fails to provide an adequate explanation for waiting until June 3, 2015 to propound the bulk of his discovery. Plaintiff's exhibits attached to his response to Defendants' opposition indicate he served a set of interrogatories on Defendant Hernandez on April 9, 2015. [Doc. No. 51at 15.] These questions were apparently geared toward discovering the proper person for Plaintiff to direct a subpoena for document records. [*Id*.] Defendant responded promptly—April 23, 2015. [*Id*.] Thus, Plaintiff could have immediately

sought documents after receiving this response, yet did not do so until June 3, 2015. Furthermore, Plaintiff does not explain why he waited for more than two months before propounding interrogatories and requests for admission directed to the individual Defendants. [Doc. Nos. 51, 53.]  Additionally, a review of the interrogatories and requests for admission directed to Defendants Tolbert, Pickett, Lee, Bravo, Davis, Hernandez, and Merchant did not require a response to any preliminary discovery prior to issuance.  Therefore, Plaintiff does not establish good cause for why he did not serve this discovery for over two months.  Had Plaintiff propounded the discovery promptly after the Case Management Conference, he would have had sufficient time for Defendants to respond and timely serve his second set of interrogatories. [*See* Doc. Nos. 51, 53.] As the Court stated in its August 14, 2015 Order, the focus of the "good cause" inquiry is on the moving party's reasons for seeking modification, "if that party was not diligent, the inquiry should end." *Id*.   Once again, Plaintiff has not shown he was diligent from March 20, 2015 to June 3, 2015—accordingly, his request for an extension of time is again denied.

     Moreover, Plaintiff has not provided sufficient information to indicate the second set of interrogatories to individual defendants could not have been propounded at an earlier date, and he has not shown that the discovery is neither cumulative nor duplicative.  Plaintiff seems to believe that providing a detailed explanation is not required because it will reveal his "strategy." [Doc. No. 51 at 6.] Plaintiff therefore requests that he only be required to share his reasoning with the Court *in camera*. [*Id*.] The Court, however, may not engage in *ex parte* communications and allowing Plaintiff to provide the "good cause" for his additional and untimely discovery *in camera* would be an *ex parte* communication.  The Court does not require Plaintiff to reveal his "strategy," but if Plaintiff wants the Court to evaluate his arguments concerning whether the second set of requests are duplicative and cumulative, he must provide his argument regarding the "need and purpose" of the second set to both the Court and Defendants.
///

Finally, Plaintiff mentions in passing that he "will be filing. . .a request to arbitrate discovery disputes. . . ." [Doc. No. 53 at 3.] Plaintiff, however, states he must wait to finish an opposition to a motion for summary judgment in another case before filing his request. [*Id.*] Plaintiff is reminded of the discovery dispute process outlined in the Case Management Conference Order, which was also explained to Plaintiff over the phone during the Case Management Conference: "all discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute. . . and only after counsel have extensively met and conferred and reached impasse with regard to the particular issue." [Doc. No. 36 at ¶ 2.] As such, any discovery disputes arising from responses and objections Defendants served July 3, 2015 needed to be brought to the Court's attention no later than August 2, 2015.  Before the Court will allow Plaintiff to present these disputes, he will need to establish excusable neglect and sufficient good cause to excuse his failure to abide by the discovery dispute procedures.

In sum, the Court denies Plaintiff's request for reconsideration.

IT IS SO ORDERED.

DATED: September 8, 2015

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court