UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

John Roettgen,

                                        Plaintiff,

v.

Foston, et al.,

                                        Defendants.

Case No.:  13cv1101-GPC-BGS

**ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION FOR LEAVE TO FILE
UNTIMELY MOTIONS TO
COMPEL**

## I.    Background

Plaintiff filed a Motion to Disregard Timeliness and Misdirection Objections
Submitted by Defendants on Discovery Dispute ("Motion for Leave to File Untimely
Motion to Compel") on October 21, 2015.  (ECF No. 63.)  In this motion, Plaintiff seeks
relief from the Court's thirty day deadline to bring a motion to compel regarding certain
discovery responses and objections from Defendants.  Defendants filed their opposition
on October 30, 2015, in which they argue that Plaintiff has not shown excusable neglect,
and should not be permitted to file an untimely motion to compel.  (ECF No. 65.)

## II.    Statement of Facts

On March 20, 2015, this Court issued a Case Management Conference Order
Regulating Discovery and Related Dates, which set the discovery deadline for July 17,

1

2015.  (ECF No. 36 at 1.)  On June 3, 2015, Plaintiff served requests for production of documents on Defendant Hernandez, and nonparties V. Sosa and R. Olsen.  (ECF No. 65-1 ¶ 2.)  Defendants responded to Plaintiff's discovery requests on July 3, 2015, wherein they objected to requests for disciplinary citations and staff complaints as subject to the official information privilege.  (*Id.* at ¶ 3.)  Defendants also objected to the request for production to both V. Sosa and R. Olson because Plaintiff had not served them with a subpoena, as is required for nonparties under Federal Rule of Civil Procedure 45.  (*Id.*)  On July 13, 2015, Plaintiff delivered a meet-and-confer letter to defense counsel outlining a number of issues regarding their discovery responses and objections.  (*Id.* at ¶ 4.)  Defendants responded in writing on July 30, 2015, and Plaintiff responded again on August 5, 2015.  (*Id.*)

On September 17, 2015 (*nunc pro tunc* September 14, 2015), Plaintiff filed a Motion to Compel Defendants to Arrange a Telephonic Conference.  (ECF No. 58.)  As a result, the Court set a telephonic discovery dispute conference for October 9, 2015.  (ECF No. 60.)  During that call, Plaintiff notified the Court of his ongoing discovery disputes with Defendants.  As a result of that call, the Court granted Plaintiff permission to file the instant motion.  (ECF Nos. 61.)

After reading briefs from Plaintiff and Defendants, the Court requested Defendants file the privilege log provided to Plaintiff for any documents withheld on the basis of privilege.  (See ECF No. 70.)  Plaintiff filed a reply brief on January 8, 2016 objecting to the privilege log filed by Defendants.[1]  (ECF No. 72.)

## III.  Plaintiff's Motion to Compel Documents Withheld on the Basis of the Official Information and Deliberative Process Privileges

Plaintiff seeks permission to compel certain documents requested from Defendant Hernandez such as disciplinary records and investigations, to which Defendants objected

---

[1] Plaintiff also accuses the Court of favoring Defendants by asking for supplemental briefing.  To the contrary, the Court requested this information to determine the extent to which Defendants complied with their obligations under Fed. R. Civ. P. 26.

on the basis of the Official Information privilege and privacy concerns.[2]  (ECF No. 65 at 7.)   Because Defendants submitted their responses to Plaintiff's discovery requests on July 3, 2015 (ECF No. 65-1 ¶ 3), a motion to compel should have been filed by August 3, 2015.  (*See* Judge Skomal's Chambers' Rules at p. 7.)  Instead, Plaintiff first contacted the Court regarding this dispute on September 17, 2015.[3]  (*See* ECF No. 58.)

### a.  Standard

Fed. R. Civ. P. 6(b)(1) provides a request for an extension made *after* the deadline can be granted upon a showing of "excusable neglect."  (emphasis added)   Here, because Plaintiff is seeking to file a motion to compel after the thirty day deadline set forth in this Court's Chambers' Rules, the excusable neglect standard applies.  The U.S. Supreme Court has established a four-part balancing test to determine "excusable neglect[:]" (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.  *See Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

### b.  Discussion

#### 1.  The Danger of Prejudice to the Non-Moving Party

Defendants argue that they will be prejudiced because of the dispositive motion

---

[2] Plaintiff's request to bring a motion to compel involves two distinct issues: (1) whether Plaintiff can bring a motion to compel regarding discovery propounded on Defendant Hernandez, and (2) whether Plaintiff can bring a motion to compel regarding discovery propounded on non-parties.  The Court analyzes these two issues separately.  The discussion regarding discovery sought from non-parties V. Sosa and R. Olsen is in section IV, below.

[3] Plaintiff did contact the Court regarding other discovery, not at issue here.  On August 6, 2015, Plaintiff filed a motion to extend the discovery cut-off by thirty days for a second set of discovery he propounded on July 13, 2015.  (ECF No. 45.)  On August 14, 2015, the Court denied that motion, specifically noting that Plaintiff "made no attempt to explain why he propounded no discovery in March, April or May" and why he should be granted an extension.  (ECF No. 48 at 3:15-17.)  On August 26, 2015, Plaintiff filed a Request for Court Ruling, wherein he reiterated his request for a thirty day extension of discovery.  (ECF No. 53.)  The Court denied this motion on September 8, 2015, interpreting it as a motion for reconsideration of its prior order denying a discovery extension.  (ECF No. 54.)

deadline that was approaching when they filed their opposition brief.  (ECF No. 65 at 7.)  However, prejudice to defendants "requires greater harm than simply that relief would delay resolution of the case."  *Lemoge*, 587 F.3d at 1196 (citations omitted).  Moreover, the Court vacated the deadline for pretrial motions on November 23, 2015.  (*See* ECF No. 69.)  The Court, therefore, finds that Defendants will not be prejudiced if Plaintiff is allowed to bring an untimely motion to compel.

## 2.  Length of Delay and its Potential Impact on Judicial Proceedings

Because this discovery dispute occurred on July 3, 2015 when Defendants served their responses and objections to Plaintiff's discovery requests, any motion to compel should have been filed by August 3, 2015.  During that time, however, Plaintiff was exchanging multiple letters with Defendants to attempt to resolve the dispute.  Plaintiff first communicated these discovery disputes with the Court when he requested a telephonic conference on September 17, 2015 (*nunc pro tunc* September 14, 2015).  (ECF No. 58.)  Given Plaintiff's continued efforts to meet and confer with Defendants regarding the discovery responses at issue and his status as a *pro se* litigant, the Court does not think a delay of six weeks is significant.  This factor also weighs in favor of Plaintiff.

## 3.  Reason for Delay

Plaintiff offers a number of reasons for his delay in bringing the motion to compel, some of which are unpersuasive.[4]  However, Plaintiff makes clear that he attempted to

_____

[4]    First, Plaintiff states that he had to shift his attention to an opposition to summary judgment in another case and focused only on that motion from August 5, 2015 to August 31, 2015.  (ECF No. 63 at 3.)  Defendants argue, and the Court agrees, that Plaintiff's heavy workload from suing prison officials does not constitute excusable neglect.  Moreover, Plaintiff demonstrated his ability to participate in this case during that same time by filing a seventy-one page reply motion on August 20, 2015.  (See ECF No. 51.)

Second, Plaintiff blames Defendants for not setting up a call with the Court for a discovery dispute, per his request on August 5, 2015.  (ECF No. 63 at 3.)  However, a review of the record shows that Plaintiff made no clear request of Defendants.  Plaintiff's August 5, 2015 communication states, "As to these issues, I will be requesting you set up a telephonic conference with the court in about two

13cv1101-GPC-BGS

meet and confer with Defendants in a number of written exchanges before seeking assistance from the Court.  As a prisoner, Plaintiff is limited in his ability to meet and confer telephonically with Defendants.  Although meeting and conferring on a discovery dispute does not negate the timeline for a motion to compel, this Court does allow, upon request, tolling of the thirty-day deadline for bringing a motion to compel while the parties attempt to resolve their discovery disputes.  (*See Judge Skomal's Chambers' Rules* at p. 7.)[5]  Because Plaintiff's delay in bringing a motion to compel is a result of his diligent efforts to resolve the discovery dispute with opposing counsel, this factor weighs in favor of Plaintiff.  The Court also affords Plaintiff greater leniency, given his status as a *pro se* litigant.

### 4.  Whether the Moving Party's Conduct was in Good Faith

Nothing suggests that plaintiff acted in bad faith, that is, from "deviousness or willfulness."  *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000).  The Court finds that Plaintiff's conduct was in good faith, and he diligently sought relief from the Court regarding his discovery dispute with Defendants.

### c.  Conclusion

The Court will allow for briefing on a motion to compel discovery regarding the documents requested from Defendant Hernandez and withheld on the basis of privilege.  A briefing schedule is set forth at the end of this order.

## IV.   Motion to Compel Regarding Discovery Requests to V. Sosa and R. Olsen

Plaintiff also seeks permission to file a motion to compel production of documents by V. Sosa and R. Olsen, neither of whom are parties in this case.  Under Federal Rule of

---

weeks after I receive your responses to the discovery requests I gave you on July 13, 2015 when you were here for the deposition.  That way I can first meet and confer with you on my issues from that." (ECF No. 58 at 2:27-3:3.)  In no way does this communication explicitly request anything of Defendants, nor does it give rise to any duty of Defendants to follow up with Plaintiff.

[5] "When parties are attempting to resolve disputes on their own and, for instance, agree to supplement responses in hopes of resolving the dispute without the need for Court intervention, the parties must call Judge Skomal's chambers and request that the 30-day deadline for bringing disputes to the Court's attention be tolled."

Civil Procedure 45(a)(1)(c), any party may serve a subpoena commanding a nonparty "to produce documents, electronically stored information, or tangible things[.]"  Fed. R. Civ. P. 45(a)(1)(C).  The service of the subpoena demanding the document is a necessary prerequisite to a court compelling a nonparty's obedience with a subpoena because, in the absence of a subpoena, the other party has no duty to respond.  Fed. R. Civ. P. 45(a)(1)(D) (creating duty to respond).

Accordingly, even if this Court grants Plaintiff's request and allows him to bring a motion to compel regarding these documents, the Court cannot compel R. Olsen or V. Sosa to comply with a discovery request under Rule 26.  Instead, the Court must determine whether it will allow Plaintiff to subpoena V. Sosa and R. Olsen, despite the close of fact discovery.  As above, the Court will apply the *Pioneer* factors to determine whether an extension of fact discovery is warranted.

### 1.  The Danger of Prejudice to the Non-Moving Party

As described more fully above in section (b)(1), prejudice "requires greater harm than simply that relief would delay resolution of the case."  *Lemoge*, 587 F.3d at 1196 (citations omitted).  Because the only prejudice to Defendants is further delay, this factor weighs in favor of Plaintiff.

### 2.  Length of Delay and its Potential Impact on Judicial Proceedings

The discovery dispute giving rise to the proposed motion to compel occurred on July 3, 2015, when Defendants served their responses and objections to Plaintiff's discovery requests.  Plaintiff notified the Court of the issue regarding the document requests to V. Sosa and R. Olsen on September 17, 2015 (*nunc pro tunc* September 14, 2015).  However, unlike the discovery dispute regarding privileged documents, no amount of meeting and conferring could remedy Plaintiff's error in improperly serving this discovery.  Moreover, the process of subpoenaing R. Olsen and V. Sosa will delay proceedings much longer than briefing on a motion to compel.  Given these additional considerations, this factor weighs in favor of Defendants.

///

### 3.  Reason for Delay

Although Plaintiff used the wrong method of discovery initially, he was put on notice of this error two weeks before discovery closed.  In those remaining two weeks, Plaintiff had sufficient time to research the proper method of discovery for nonparties and serve the subpoenas.  Indeed, in that time Plaintiff propounded what he describes as "follow up discovery," none of which included subpoenas to R. Olsen or V. Sosa.  (*See* ECF No. 45 at 2.)

Plaintiff could have also requested more time to serve those subpoenas.  Instead, he sought an extension of discovery for a second set of discovery propounded on July 13, 2015.  (ECF No. 45 at 2-3.)  Plaintiff's second request for an extension of discovery likewise made no mention of the need to serve subpoenas or remedy the discovery propounded to R. Olsen or V. Sosa.  (*See* ECF No. 53.)  This factor, therefore, weighs in favor of Defendants.

### 4.  Whether the Parties' Conduct was in Good Faith

The Court finds that although Plaintiff's initial error was unintentional, he was not diligent in correcting that error.  Bad faith is defined as "deviousness or willfulness." *Bateman.*, 231 F.3d at 1225.  Plaintiff was able to propound additional discovery on July 13, 2015, which did not include subpoenas to R. Olsen or V. Sosa.  The decision not to serve subpoenas with that discovery was intentional, or willful.  Therefore, this factor weighs in favor of Defendants.

### 5.  Conclusion

Because a motion to compel would be futile, the Court **DENIES** Plaintiff's request to file a motion to compel regarding discovery propounded to V. Sosa and R. Olsen.  As for reopening discovery, the Court finds that only one *Pioneer* factor favors Plaintiff.  Because the Court finds that a balancing of the factors weighs in favor of Defendants' position, the Court will not reopen discovery to allow Plaintiff the opportunity to subpoena R. Olsen and V. Sosa.

///

13cv1101-GPC-BGS

V.    **Conclusion**

The Court **GRANTS** Plaintiff's request to bring an untimely motion to compel regarding documents withheld by Defendants on the basis of the official information and deliberative process privilege.  Plaintiff must file his motion no later than **February 12, 2016**.  Defendants must file their opposition no later than **February 26, 2016**.  Briefing is limited to ten pages for both parties.  Plaintiff must file a reply no later than **March 11, 2016**.  The reply brief is limited to seven pages.

The Court **DENIES** Plaintiff's request to bring an untimely motion to compel regarding document requests to nonparties V. Sosa and R. Olsen.  The Court will not reopen discovery to allow Plaintiff to subpoena those individuals.

**IT IS SO ORDERED.**

Dated:  January 11, 2016

Hon. Bernard G. Skomal
United States Magistrate Judge