1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  John Roettgen, | Case No.:  13cv1101-GPC-BGS |
| 12                          Plaintiff, | **ORDER GRANTING IN PART AND** |
| 13  v. | **DENYING IN PART PLAINTIFF'S** |
| 14  Foston, et al, | **MOTION TO COMPEL** |
| 15                          Defendant. | |

16

## I.   FACTUAL AND PROCEDURAL BACKGROUND

17           Plaintiff, a state prisoner proceeding *pro se*, filed this action under 42 U.S.C.

18   § 1983.  Plaintiff's First Amended Complaint alleges that Defendants, correctional staff

19   at R.J. Donovan Correctional Facility, used excessive force against him on May 5, 2011,

20   and then retaliated against him when he reported the alleged incident of excessive force.

21   (ECF No. 14.)

22           On June 3, 2015, Plaintiff served Requests for Production of Documents on

23   Defendant Hernandez.  (ECF No. 65-1 ¶ 2.)  Document Request No. 1 seeks "on each

24   Defendant[1] all disciplinaries, internal affairs reports and/or investigations, court cases,

25

26   _____

27   [1] Although Plaintiff served his request on one defendant, his request seeks documents from all
28   defendants.  In their privilege log, Defendants acknowledge that the request seeks information from
     Officers J. Tolbert, G. Hernandez, C. Davis, M. Lee, J. Merchant, I. Bravo, and J. Pickett.  (*See* ECF No.

                                        1

CDCR 602 complaints, grievances, reprimands or any other reports or investigations."[2] (ECF No. 84-1, Ex. 1.)  Defendants responded to Plaintiff's discovery requests on July 3, 2015.  (ECF No. 84 at 2.)  In their response, Defendants objected to Request No. 1 as (1) protected by the official information privilege, (2) protected by privacy considerations, (3) overbroad and (4) not reasonably calculated to lead to the discovery of admissible evidence.  (*Id.* at Ex. 2.)  Defendants also produced a privilege log to Plaintiff which described the documents withheld and the basis for withholding those documents.  (ECF No. 84-1, Ex. 4.)

Notwithstanding his objections, Defendants produced "documents consisting of confidential reports related to the incident alleged in [Plaintiff's] First Amended Complaint."  (ECF No. 84 at 2.)  Specifically, Defendants state that they produced "(1) Report of Findings – Inmate Interview, (2) Incident Commander's Review/Critique – Use of Force Incidents, (3) Manager's Review-First Level Use of Force Incidents, (4) Manager's Review – Second Level Use of Force Incidents, and (5) Institutional Executive Review Committee Critique and Qualitative Evaluation."  (*Id.*)  Defendants also produced "documents related to additional training undertaken by Defendant Hernandez as a result of the incident."  (*Id.*)

Plaintiff challenged Defendants' objections in a motion to compel filed on March 15, 2016.  (ECF No. 83.)  Defendant filed his opposition to Plaintiff's motion to compel on March 17, 2016.  (ECF No. 84.)  Plaintiff filed his reply on April 18, 2016.  (ECF No. 89.)

## II.   PARTIES' ARGUMENTS

### a.  Plaintiff's Arguments

Plaintiff's discovery request seeks personnel records that relate to the Defendants'

---

84-1.)  Given that Defendants have interpreted this request to apply to all Defendants in this case, and to afford Plaintiff leniency given his status as a *pro-se* litigant, the Court will interpret this request as one directed to all Defendants in this case.

[2] Plaintiff's Request No. 1 is the only document request in dispute.

1  "misconduct in the past."  (ECF No. 83 at 2.)  In his motion to compel, Plaintiff clarifies

2  that he requests this information in "log form" to alleviate any concerns regarding

3  confidential information.[3]  (*Id.* at 3.)  Plaintiff argues that Defendants' "general claim of

4  privilege . . . is insufficient to meet the threshold test for invoking the official information

5  privilege."  (*Id.* citing *Soto v. City of Concord*, 162 F.R.D. 603, 613-14 (N.D. Cal. 1995).

6          **b.  Defendants' Arguments**

7          First, Defendants contend that the documents sought by Plaintiff are protected by

8  the official information privilege, and he has properly met his burden to invoke it.  (ECF

9  No. 84 at 8-9.)  Second, Defendants argue that the documents sought by Plaintiff are

10  protected by the privacy privilege belonging not only to the defendants but also to third

11  party inmates.  (*Id.* at 6-7.)  Finally, Defendants assert that, if the Court finds the

12  documents are not protected from disclosure by the official information privilege or

13  privacy concerns, Plaintiff's requests are overbroad because they are not limited by time,

14  relevant to the allegations in his complaint, or to grievances that actually resulted in

15  disciplinary action.  (*Id.* at 2.)

16  **III.   PLAINTIFF'S REQUEST FOR COURT CASES**

17          One of the categories of documents requested by Plaintiff in his Request for

18  Documents No. 1 is "court cases" involving each Defendant.  The Court finds this request

19  for court cases to be vague and ambiguous.  Plaintiff's request could encompass lawsuits

20  against defendants, lawsuits which the defendants initiated, and even lawsuits in which

21  the defendants testified.  Plaintiff's request for "court cases" could also seek a list of

22  court cases in which each of the defendants is involved.  Even though the Court finds this

23  request vague and ambiguous, the Court will afford Plaintiff the benefit of the doubt and

24  analyze the only two reasonable and relevant interpretations of this request: (1) Plaintiff

---

[3] Plaintiff's suggestion that privacy concerns be mitigated through creation of a log is beyond what is permissible in response to a request for production of documents under Federal Rule of Civil Procedure 34.  Rule 34 only requires a party to produce documents that are already in existence[;]" a party is not required to prepare new documents.  *Alexander v. FBI*, 194 F.R.D. 305, 310 (D.C. Cir. 2000).

13cv1101-GPC-BGS

1   seeks documents from court cases in which each defendant is being sued for excessive

2   force or retaliatory conduct; (2) Plaintiff seeks a list of court cases in which each

3   defendant is being sued for excessive force or retaliatory conduct.

4          As for the possibility that Plaintiff is requesting court documents in which each

5   defendant is being sued for excessive force or retaliatory conduct, Plaintiff does not

6   address why he cannot access these documents since they are presumably public record,

7   as are most court documents.  Under Federal Rule of Civil Procedure 26(b)(2)(C), the

8   Court may limit the frequency or extent of discovery otherwise allowed if the discovery

9   sought can be obtained from some other source that is more convenient, less burdensome,

10  or less expensive, or the burden imposed by the discovery outweighs its likely benefit

11  considering the parties' resources.  To the extent Plaintiff seeks documents from court

12  cases in which a defendant is being sued for excessive force or retaliatory conduct, the

13  Court finds that request is unduly burdensome because such documents are equally

14  available to Plaintiff.  Plaintiff can either retrieve the court documents himself, or retain

15  someone else to do so.  Plaintiff has failed to offer any persuasive arguments as to why

16  the cost and burden of retrieving the court documents should be shifted to Defendants.

17  However, to the extent there are any documents in Defendants' custody, control, or

18  possession that **are not in the public record, identify lawsuits in which the**

19  **Defendants are being sued, relate to allegations of excessive force or retaliation, and**

20  **are not protected by attorney-client privilege**, those documents should be produced.

21         Another reasonable interpretation of Plaintiff's request for "court cases" is that he

22  would like a list of the court cases in which each defendant in his case is named as a

23  defendant in another proceeding with similar allegations of excessive force or retaliatory

24  conduct.  Rule 34 permits a party to request documents in the responding party's

25  possession, custody, or control.  Fed. R. Civ. P. 34(a)(1).  However, Rule 34 only

26  requires a party to produce documents that are already in existence.  *Alexander*, 194

27  F.R.D. at 310.  A party is not required to prepare new documents solely for their own

28  production.  *Id.*; *see also Goolsby v. Carrasco*, 2011 WL 2636099 *20-21 (E.D. Cal. July

4

5, 2011) (finding that a document request asking for the names of employees who supervised the prison cage yard is not a proper request under Federal Rule of Civil Procedure 34(a)); *Robinson v. Adams*, 2011 WL 2118753 *53 (E.D. Cal. May 27, 2011) (denying a plaintiff's motion to compel responses to a document request seeking the names of prison employees working in building two during a certain time period because the request did not seek an identifiable document).  Accordingly, Defendants are not required to create a list of any of the lawsuits in which a defendant is being sued for allegations of excessive force or retaliatory conduct.

Plaintiff's motion to compel with respect to "court cases" is **GRANTED** in part and **DENIED** in part.  As explained above, to the extent there are any documents in Defendants' custody, control, or possession that **are not in the public record, identify lawsuits in which the Defendants are being sued, relate to allegations of excessive force or retaliation, and are not protected by attorney-client privilege**, those documents should be produced.  Otherwise, Plaintiff's motion to compel with respect to his request for "court cases" is **DENIED**.

## IV.   PLAINTIFF'S REQUEST FOR DISCIPLINARIES, INTERNAL AFFAIRS REPORTS AND/OR INVESTIGATIONS, CDCR 602 COMPLAINTS, GRIEVANCES, AND REPRIMANDS

Defendants objected to Plaintiff's Request for Production No. 1 on the grounds that it is overbroad, responsive documents are protected by the official information privilege, and responsive documents implicate privacy concerns.  Each objection is addressed separately.

### a.  Relevancy

Before the Court analyzes whether the documents Plaintiff requested are protected by the official information privilege, or implicate privacy concerns, the Court will address Defendants' objections that Plaintiff's requests are overbroad.  Defendants argue that Plaintiff "did not limit his request by time, by relevance to the allegations in his complaint, nor to grievances or investigations that actually resulted in discipline."  (ECF

5

No. 84 at 2.)

### i. Applicable Law

The recently revised Federal Rules provide:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

(Fed. R. Civ. P. 26(b)(1).)  The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Federal Rule 26(b)(1). *Soto*, 162 F.R.D. at 610.  In turn, the party opposing discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.  *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002) citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).  The opposing party may satisfy their burden by demonstrating how the discovery request is irrelevant, overly broad, burdensome, or oppressive.  *Khalilpour v. CELLCO P'ship*, 2010 WL 1267749, at *3 (N.D. Cal. Apr.1, 2010); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 fn. 17, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

Federal Rule 26(b)(2)(C) also requires the court, on motion or on its own, to limit the frequency or extent of discovery otherwise allowed by the rules if it determines that (1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or (3) "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C)(i)-26(b)(2)(C)(iii).  The Court must also limit discovery when "the burden or expense of the proposed discovery outweighs its likely

benefit." Fed. R. Civ. P. 26(b)(1).

### ii.  Analysis

Defendants request the Court narrow responsive documents to only those that (1) involve allegations of excessive force, (2) resulted in discipline and (3) occurred within the past five years.  The Court addresses each argument in turn.

### 1.  Limiting Defendants' Production To Documents Involving Excessive Force

Plaintiff's First Amended Complaint involves allegations that Defendants violated his First, Eighth and Fourteenth Amendment rights.  (*See generally* ECF No. 14.) However, his discovery request seeks documents regarding *any* disciplinary action, complaint, or grievance for each Defendant.  Documents responsive to this request would necessarily include disciplinary actions unrelated to alleged excessive force or retaliation. While the Court acknowledges the relevance of certain disciplinary records, complaints or grievances as having the potential to reveal the defendant officers' patterns of behavior, the Court agrees that Plaintiff's request is too expansive.

However, the Court rejects Defendants' argument that any production be limited to documents involving allegations of excessive force.  Disciplinary documents, complaints or grievances related to claims of retaliation or untruthfulness would also be relevant to Plaintiff's claims and could be used to show a pattern of behavior or impeach a witness's testimony.  Thus, any production should be limited to complaints, grievances or disciplinary actions involving excessive force, retaliation, or untruthfulness.

### 2.  Limiting Defendants' Production to Complaints or Grievances that Resulted in Discipline

Defendants request that any production be limited to complaints, grievances or investigations that resulted in discipline.  The Court finds this limitation too narrow.  For example, if a Defendant received a series of complaints from inmates for excessive force that never resulted in discipline, such information could still be useful to Plaintiff to establish not only a pattern of behavior by that individual defendant, but also arguably a

7

1   pattern of complacency by the prison management.  The Court finds that complaints or

2   grievances, even if they did not result in discipline, are relevant to Plaintiff's claims and

3   must be produced.

### 3.  Limiting Defendants Production to Complaints or Grievances Within the Last Five Years

6   Defendants request that any production be limited to documents regarding

7   complaints, grievances, or disciplinary actions which occurred within the past five years.

8   The Court disagrees.  While the Court acknowledges Defendants' argument that incidents

9   remote in time have less probative value, such a determination is beyond the scope of this

10   Court's analysis for the purposes of discovery.  Indeed, that determination is more

11   appropriate for the trial judge in the context of a motion *in limine*.  At the discovery

12   stage, this Court need only recognize the relevance of the information that could be

13   garnered from the requested documents, and that the request is proportional to the needs

14   of the case.  The Court finds that records of grievances, complaints, investigations or

15   disciplinary actions spanning each Defendants' employment at Richard J. Donovan

16   Correctional Facility are relevant to Plaintiff's claims, and proportional to the needs of

17   his case.

### iii.  Conclusion

19   The Court **OVERRULES** in part, and **SUSTAINS**, in part, Defendants'

20   objections.  The Court finds that, subject to the additional analysis below regarding

21   official information privilege and privacy concerns, relevant documents subject to

22   production include **all disciplinary records, internal affairs reports and/or**

23   **investigations, CDCR 602 complaints, grievances, and/or reprimands that involve**

24   **allegations of excessive force, retaliation, or untruthful conduct involving each of the**

25   **Defendants throughout the course of their employment at Richard J. Donovan**

26   **Correctional Facility.**

### b.  Privacy Rights

28   Defendants also contend that disclosure of the requested documents would invade

8

the privacy of the individual defendants, and any inmates who filed complaints against them. (ECF No. 84 at 6-7.) Defendants argue that requiring them to produce grievance and discipline histories to an inmate in the same prison "would allow an inmate to undermine the officers' authority, and would expose the officers to threats to release the information, and even blackmail." (ECF No. 84 at 6.) According to Defendants, these privacy concerns outweigh Plaintiff's need for the documents, and therefore, the documents should not be produced. (*Id.* at 7.) Because the Court has already determined that certain documents Plaintiff seeks are irrelevant and should not be produced, its analysis of the privacy implications of the requested documents is limited only to the documents the Court has determined are relevant and subject to production.

### i. Applicable Law

Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests. *See Breed v. United States Dist. Ct. for Northern District*, 542 F.2d 1114, 1116 (9th Cir. 1976) (balancing the invasion of minor's privacy rights against the court's need for ward files); *Johnson by Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir. 1992), *cert. den.* 507 U.S. 910, 113 S.Ct. 1255, 122 L.Ed.2d 654 (1993) (denying discovery of names of participants in a medical study due to privacy interests of the individual participants); *Cook v. Yellow Freight Sys., Inc.*, 132 F.R.D. 548, 550–51 (E.D. Cal. 1990) (balancing targeted individual's right of privacy against public's need for discovery in employment discrimination case).

However, the right to privacy is not absolute and can be outweighed. Courts generally balance the need for the information against the severity of the invasion of privacy. *See Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604–05 (C.D. Cal. 1995) (finding that disclosing employment records is not "unusual or unexpected"). Disclosure of documents that implicate privacy concerns must be narrowly construed to limit the invasion "'to the extent necessary for a fair resolution of the law suit.'" *Id.* at 605 (quoting *Cook*, 132 F.R.D. at 552).

In the context of the disclosure of police files, courts have recognized that privacy

rights are not inconsequential and should be given "some weight." *Kelly*, 114 F.R.D. at 656; *Denver Policemen's Protective Ass'n. v. Lichtenstein*, 660 F.2d 432, 435 (10th Cir. 1981).  However, "district courts in the Ninth Circuit have found that the privacy interests police officers have in their personnel files do not outweigh the civil rights plaintiff's need for the documents." *Soto*, 162 F.R.D. at 617.

### ii.  Analysis

Plaintiff seeks documents such as inmate grievances and complaints, as well as disciplinary records and investigations.  The Court acknowledges that these documents may contain private information such as social security numbers and addresses.  However, this invasion of privacy must be balanced with Plaintiff's need for the information.  Importantly, any invasion of the Defendants' privacy interests can be mitigated through a protective order (*Soto*, 162 F.R.D. at 617) and by redacting sensitive information. *See Lamon v. Adams*, 2010 WL 4513405, at *3–4 (E.D. Cal. Nov. 2, 2010) (ordering redaction of the names of the inmates who filed grievances against correctional officer before documents were provided to plaintiff).  These measures will greatly reduce the invasion of privacy that would occur with production of the documents at issue.

### iii.  Conclusion

Most of the privacy concerns posited by Defendants can be mitigated through the use of a protective order, and by redacting sensitive information from the requested documents.  The Court, therefore, grants Defendants permission to redact any sensitive information from all documents prior to disclosure.  Any remaining privacy concerns do not outweigh Plaintiff's interest in the documents.  Accordingly, Defendants' privacy objection is **GRANTED** in part and **OVERRULED** in part.

### c.  Official Information Privilege

Because the Court has already determined that certain documents Plaintiff seeks are irrelevant and should not be produced, its analysis of the official information privilege is limited only to the documents the Court has determined are relevant and subject to production.

### i. Applicable Law

The documents Plaintiff seeks are generally found in an employee's personnel file and are generally considered "official information."  *Miller v. Pancucci*, 141 F.R.D. 292, 299 (C.D. Cal. 1992) (citing *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990) cert den., 502 U.S. 957, 112 S.Ct. 417, 116 L.Ed.2d 437 (1991)).  Federal common law recognizes a qualified privilege for official information.  *Sanchez*, 936 F.2d at 1033.  Thus, the official information privilege applies to the requested documents.

In determining what level of protection should be afforded by this privilege, courts conduct a case by case balancing analysis, in which the interests of the party seeking discovery are weighed against the interests of the governmental entity asserting the privilege.  *Sanchez*, 936 F.2d at 1033–34; *Kelly v. City of San Jose*, 114 F.R.D. 653, 660 (N.D. Cal. 1987); *Miller*, 141 F.R.D. at 300; *Hampton v. City of San Diego*, 147 F.R.D. 227, 230-31 (S.D. Cal. 1993).

First, the party opposing disclosure must make a substantial threshold showing. *Soto*, 162 F.R.D. at 613.  The party opposing disclosure "must submit a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit."  *Id.*  The affidavit must include:

> (1) an affirmation that the agency generated or collected the material at issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made.

*Id.*; *see also Chism v. County of San Bernardino*, 159 F.R.D. 531, 533 (C.D. Cal. 1994); *Hampton*, 147 F.R.D. at 230–31; *Miller*, 141 F.R.D. at 301.

If the party invoking the privilege fails to satisfy this threshold burden the documents in issue should be disclosed. *Soto*, 162 F.R.D. at 613. If the threshold showing requirements are met, the court must weigh whether confidentiality outweighs the requesting party's need for the information. *Hampton*, 147 F.R.D. at 231; *see also Kelly*, 114 F.R.D. at 657–58.

*Kelly v. City of San Jose* set forth ten <u>non exhaustive</u> factors for courts to consider in determining whether a category of documents is protected by the official information privilege: (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which government self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case. 114 F.R.D. at 663.

### ii.  Discussion

#### 1.  Adequacy of Declaration

The affidavit in support of a claim of the official information privilege must include:

(1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure

12

of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made.

*Soto*, 162 F.R.D. at 613; *see also Chism*, 159 F.R.D. at 533; *Hampton*, 147 F.R.D. at 230–31; *Miller*, 141 F.R.D. at 301.

### a. Defendant's Declaration

In support of his assertion of the official information privilege, Defendants provide a declaration from of S. Garcia, Staff Services Manager I at Richard J. Donovan Correction Facility.  (ECF No. 84-1, Ex. 3.)  S. Garcia's declaration states that "[d]isclosure of one or more of the personnel files would threaten both governmental and privacy interests" because "[c]orrectional staff could be reluctant to discipline or create documents reflecting discipline if such documents could be used by inmates in ligation against individual officers."  (ECF No. 84-1, Ex. 3.)  The declaration further states that disclosure "could have a chilling effect on the willingness of departmental officers and employees to provide personal information about themselves and their families if they knew such information would be turned over to inmates or their attorneys for use against them in civil lawsuits."[4]  (*Id.*)  S. Garcia explains that employees would be less likely to "share potentially important information regarding job performance, health and safety concerns, and security concerns if they knew such information would be turned over to inmates or their attorneys[.]"  (*Id.*)  S. Garcia states that disclosure of the requested documents "could have a negative impact on internal investigations and assessments of officers and employees and have a negative impact on taking corrective actions."  (*Id.*)

---

[4] Defendants' provide support for both their assertion of official information privilege and privacy concerns in S. Garcia's declaration.  This statement regarding the Defendants' personal information implicates privacy concerns and can be mitigated by the Court allowing all personal information to be redacted.  The Court addressed Defendants' privacy arguments above, in section IV(b).

### b. Analysis

The blanket assertion of privilege advanced in S. Garcia's declaration is insufficient to demonstrate that the documents Plaintiff seeks are privileged.  As discussed above, a prerequisite to asserting any federal privilege is that the government must make a "substantial threshold showing" by way of a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit.  *King v. Conde*, 121 F.R.D. 180, 188 (E.D.N.Y. 1988)(citing *Kelly*, 114 F.R.D. at 669.); *see also In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010); *In re Sealed Case*, 856 F.2d 268, 271 (D.C.C. 1988).  The purpose of the declaration "is to provide the court with the information it needs to make a reasoned assessment of the weight of the interests that line up, in the particular situation before the court, against the requested disclosure."  *Kelly*, 114 F.R.D. at 670.

For example, in *Bernat v. City of California City*, the Court found insufficient a declaration that did "not assert that the declarant reviewed the particular records at issue . . . fail[ed] to "provide *specific* information about how disclosure of the *specific* documents requested . . . would threaten the *specific* governmental and privacy interests at stake [and]. . . fail[ed] to evaluate how and to what extent a well-crafted protective order would minimize the impact on the interests at issue [and] . . . how disclosure of the specific information sought would result in harm."  2010 WL 4008361 *3 (E.D. Cal. Oct. 12, 2010) (italics in original)

Likewise, in *Soto v. City of Concord*, the court found that, where the defendants asserted only "the general proposition that internal affairs investigatory documents and statements of police officers and/or witnesses should remain secret in order to encourage 'frank discussions,'" that assertion was "insufficient to meet the threshold test for invoking the official information privilege."  162 F.R.D. at 614.  Moreover, the court noted that the defendants failed to address how disclosure pursuant to a protective order "would create a substantial risk of harm to significant government interests."  *Id.*

As in *Bernat* and *Soto*, the mere assertion in S. Garcia's declaration that disclosure

will have a "negative impact" or a "chilling effect" on some aspect of prison administration or security is unhelpful and fails to establish that the potential disadvantages of disclosure outweigh the potential benefits of disclosure.  S. Garcia's declaration fails to provide *specific* information about how disclosure of the *specific* documents requested would threaten a *specific* governmental interest at stake.  The only harm asserted in S. Garcia's declaration is that disclosure "could" negatively impact the disciplinary procedures, inhibit communication, or put the employees and the employee's family and others at "substantial risk of harm."[5]  (ECF No. 84-1, Ex. 3, ¶ 5.)  S. Garcia also asserts that disclosure "of one or more of the personnel files" will "have a chilling effect" on "departmental officers" or "employees[.]"  (*Id.* at ¶ 4.)  The vague assertions of harm in S. Garcia's declaration are insufficient to afford the protection of the official information privilege.  *See, e.g., Bernat*, 2010 WL 4008361 *3; *see also Soto*, 162 F.R.D. at 614.  Moreover, S. Garcia's declaration fails to describe how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests.  *Soto*, 162 F.R.D. at 614.

Because S. Garcia's declaration in support of Defendants' assertion of privilege lacks the requisite specificity and fails to allege more than a general assertion of potential harm, Defendants have not made a threshold showing.[6]  However, even if they had made a threshold showing, Plaintiff's need for documents outweighs the government's confidentiality interests, thus necessitating disclosure of the documents.

---

[5] Defendants' concerns regarding the risk of harm if certain information is produced are valid, especially in light of the over breadth of Plaintiff's original request.  However, because the Court has limited the documents subject to production to only those that are relevant to Plaintiff's claims, the Court finds that any remaining harm is minimal and can be cured through use of a protective order and by allowing Defendants to redact sensitive information as provided in section IV(b).

[6] Notably, in *Bernat* and *Soto*, even though the Court found the defendants' declarations insufficient to invoke the official information privilege, the Court still narrowed the production only to documents relevant to the plaintiff's claims.  *See, e.g., Bernat*, 2010 WL 4008361 *8 ([with respect to a request for disciplinary records] "the Court concludes that only incidents that are similar to the one at issue are relevant, and, therefore, discoverable."); *see also Soto*, 162 F.R.D. at 615 (describing categories of relevant documents subject to disclosure after an in camera review).

## 2. Plaintiff's Need for Documents Outweighs the Government's Confidentiality Interests

If the threshold showing requirements are met, the court must analyze whether confidentiality outweighs the requesting party's need for the information. *Hampton*, 147 F.R.D. at 231; *see also Kelly*, 114 F.R.D. at 657–58. As mentioned above, *Kelly* put forth ten non-exhaustive factors to consider when weighing the confidentiality interests of the person seeking discovery and the party invoking the privilege. In an excessive force case such as this, the relevance and discoverability of officers' disciplinary records, including unfounded complaints and allegations of misconduct, are widely recognized. *See, e.g., Gibbs v. City of New York*, 243 F.R.D. 95 (S.D.N.Y. 2007); *Frails v. City of New York*, 236 F.R.D. 116 (E.D.N.Y.2006); *Floren v. Whittington*, 217 F.R.D. 389 (S.D.W. Va. 2003); *Hampton*, 147 F.R.D. 227 (S.D. Cal. 1993).

When applying the *Kelly* factors to Plaintiff's request, the Court finds that Plaintiff's need for documents related to certain complaints and investigations against the Defendants outweighs their confidentiality interests in those documents. The documents may lead to valuable motive, intent, and pattern evidence as well as credibility and impeachment evidence. Plaintiff cannot obtain this information through alternative means. Moreover, S. Garcia's assertion that producing this information would discourage persons from participating in disciplinary procedures is not sufficient to override Plaintiff's need, especially if the production is subject to a protective order. *See Kelly*, 114 F.R.D. at 664 (stating that "no empirical study supports the contention that the possibility of disclosure would make officers who participate (as respondents or as investigators) in internal affairs investigations less honest," and "in the absence of special circumstances proved by law enforcement defendants, courts should ascribe little weight to a police department's purported interest in preserving the anonymity of citizen complainants"). Therefore, because Plaintiff's need for the above-defined relevant documents outweighs the government's interest in confidentiality, those documents are not protected by the official information privilege and should be disclosed.

///

16

### iii. Conclusion

The Court finds that Defendants did not meet their threshold showing required to assert the official information privilege over the requested documents, as narrowed by this Court's relevancy ruling above in section IV(a). Moreover, the Court further finds that Plaintiff's need for those relevant documents outweighs Defendants' interest in confidentiality. Accordingly, the Court **OVERRULES** Defendants' objection based on the official information privilege.

## V.   DISCLOSURE SHALL OCCUR SUBJECT TO PROTECTIVE ORDER

Courts have fulfilled a plaintiff's need for discovery while protecting a defendant's privacy by ordering the production of documents subject to a protective order limiting access to the material at issue to plaintiff, his counsel, and those experts who would require such information to formulate an opinion. *Soto*, 162 F.R.D. at 617.

The Court finds that a protective order will serve the interests of both parties in facilitating discovery, while also protecting the government's interests. Therefore, the Court orders the parties to enter into a protective order governing the documents that the Court has ordered to be disclosed. Defendants shall submit a proposed protective order to Plaintiff for his signature no later than **May 18, 2016**. After execution by all parties, the proposed protective order shall be submitted to the Court no later than **June 1, 2016**.

## VI.   CONCLUSION

For the above stated reasons, Plaintiff's Motion to Compel is **GRANTED** in part and **DENIED** in part.

1.   The parties are ordered to enter into a protective order prior to exchanging any documents. Defendants shall submit a proposed protective order to Plaintiff for his signature no later than **May 18, 2016**. After execution by all parties, the proposed protective order shall be submitted to the Court no later than **June 1, 2016**.

2.   Upon court approval of the protective order, Defendants must produce **all disciplinary records, internal affairs reports and/or investigations, CDCR 602 complaints, grievances, and/or reprimands that involve allegations of excessive**

1   **force, retaliation, or untruthful conduct involving each of the Defendants**

2   **throughout the course of their employment at Richard J. Donovan Correctional**

3   **Facility.**

4       3.    Service of the documents ordered disclosed shall occur within **seven (7)**

5   **calendar days** of when the Court signs the protective order.

6       IT IS SO ORDERED.

7   Dated:  May 4, 2016

8                                   Hon. Bernard G. Skomal
                                    United States Magistrate Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13cv1101-GPC-BGS