UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Roettgen,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Foston, et al,<br><br>　　　　　　　　　　Defendant. | Case No.: 13cv1101-GPC-BGS<br><br>**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION** |

## I.   FACTUAL BACKGROUND

Plaintiff alleges that Defendants used excessive force against him on May 5, 2011, and then retaliated against him when he reported the excessive force. (ECF No. 1.) Plaintiff served discovery seeking a broad range of documents. Defendants produced a number of documents, but objected to Plaintiff's document requests that sought unrelated grievances from third-party inmates, Defendants' disciplinary records, internal affairs reports, and reprimands. (Declaration of Christopher H. Findley in Support of Defs.' Opp'n to Mot. for Reconsideration (Findley Decl.) ¶ 2.)

Plaintiff moved to compel further production of documents, and Defendants opposed. (ECF Nos. 83, 84.) The Court subsequently issued an order requiring Defendants to produce "all disciplinary records, internal affairs reports and/or investigations, CDCR 602 complaints, grievances, and/or reprimands that involve

1

13cv1101-GPC-BGS

1 | allegations of excessive force, retaliation, or untruthful conduct involving each of the
2 | Defendants throughout the course of their employment at Richard J. Donovan
3 | Correctional Facility." (ECF No. 92 at 17-18.) The Court then analyzed Defendants'
4 | objections based on privacy concerns and "acknowledge[d] that these documents may
5 | contain private information such as social security numbers and addresses." (*Id.* at 10.)
6 | The Court continued:

> Importantly, any invasion of the Defendants' privacy interests can be mitigated through a protective order (*Soto*, 162 F.R.D. at 617) and by redacting sensitive information. *See Lamon v. Adams*, 2010 WL 4513405, at *3–4 (E.D. Cal. Nov. 2, 2010) (ordering redaction of the names of the inmates who filed grievances against correctional officer before documents were provided to plaintiff). These measures will greatly reduce the invasion of privacy that would occur with production of the documents at issue.

(*Id.*) The Court then granted "Defendants permission to redact any sensitive information from all documents prior to disclosure." (*Id.*)

## II. PROCEDURAL BACKGROUND

On May 23, 2016, Plaintiff filed a Motion for Reconsideration. (ECF No. 95.) The Motion requested that the grievances be produced with the names of the inmates filing the grievances. (*Id.* at 2.) Plaintiff argued that the identity of the inmates was necessary because he "may need to track down the authors in order to obtain details and their willingness to testify." (*Id.*) Plaintiff also sought to expand the Court's definition of "untruthful conduct" to allegations of filing false reports to cover up misconduct, failure to protect, and keeping investigations internalized. (*Id.* at 2-3.)

The Court ordered Defendants to file a response to Plaintiff's Motion by July 8, 2016, and ordered Plaintiff to file a reply by July 22, 2016. (ECF No. 101.)

///

### III. RELEVANT LAW

The law of the case doctrine is a judicial invention designed to aid in the efficient operation of court affairs. *Lockert v. United States Dept. of Labor*, 867 F.2d 513, 518 (9th Cir. 1989). Under the doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case. *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988), amended, 860 F.2d 357 (9th Cir. 1988). For the doctrine to apply, the issue in question must have been "decided explicitly or by necessary implication in [the] previous disposition." *Liberty Mutual Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982); *accord Eichman v. Fotomat Corp.*, 880 F.2d 149, 157 (9th Cir. 1989).

A court may have discretion to reopen a previously resolved question under one or more of the following circumstances: (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; (5) a manifest injustice would otherwise result. *Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir. 1993).

### IV. CLARIFICATION REGARDING REDACTION OF INMATES' NAMES

Plaintiff appears to seek clarification regarding whether the Court ordered Defendants to redact the names of the inmates who filed grievances produced in discovery. Defendants explain that they took the Court's language "grant[ing] Defendants' permission to redact sensitive information from all documents prior to disclosure" to include the names of the inmates. (Findley Decl. ¶ 4.) However, because the order did not explicitly require the Defendants to redact the names of the inmates, Defendants do not object to the Court reconsidering its order in that respect. (ECF No. 106 at 4.)

For the law of the case doctrine to apply, the issue in question must have been "decided explicitly or by necessary implication in [the] previous disposition." *Liberty Mutual Ins. Co.*, 691 F.2d at 441. To the extent this Court's prior order was not explicit

on the issue of redaction, the Court now clarifies that it *did* intend for Defendants to redact the names of the inmates filing grievances when it allowed for the redacting of sensitive information. Without knowing what the documents said, the Court properly balanced Plaintiff's need for the information with the privacy interests of the individual inmates.

Moreover, to the extent Plaintiff wants this Court to reconsider allowing the inmates' names to be redacted, that request is **DENIED**. Plaintiff's motion could be interpreted as arguing that, because he has now received the documents from Defendants, this constitutes a changed circumstance warranting reconsideration of this Court's order allowing for inmates' names to be redacted. However, Plaintiff has not made a specific showing that *any* documents support a re-balancing of factors in his favor, such that the privacy interest held by any inmate would be outweighed by the relevance of that information to Plaintiff's claims. Other than supplying the Court with hundreds of documents produced by Defendants, Plaintiff has not identified a single incident evidenced by those documents that would compel this Court to override its prior order allowing for redaction of inmates' names. The Court will not sanction a carte-blanche disclosure of every inmate's name in Defendants' production. That would allow for precisely the type of fishing expedition the Federal Rules of Civil Procedure seek to avoid.

Plaintiff has not made a specific showing that would warrant disclosing the identity of any inmates named in Defendants' production. As a result, Defendants need not supplement their production to disclose any inmates' names.

### V.   CLARIFICATION REGARDING "UNTRUTHFUL CONDUCT"

The Court ordered Defendants to produce inmate grievances, internal affairs investigations, and disciplinary reports involving allegations of excessive force, retaliation, or untruthful conduct. (ECF No. 92 at 17-18.) Plaintiff asks this court to expand the definition of untruthful conduct to include (1) filing false reports to include investigative reports and inmate disciplinary; (2) filing false reports so as to cover up

misconduct; (3) failure to protect; and (4) keeping investigations internalized in order to prevent outside discovery. (ECF no. 95 at 3.)

Without agreeing that these definitions are appropriate, Defendants represented as follows: "in producing inmate grievances, internal affairs investigations, and disciplinary reports involving allegations of excessive force, retaliation, or untruthful conduct, Defendants did not withhold, and produced all grievances, internal affairs investigations, and disciplinary reports that related to (1) allegations of filing false reports, including (2) reports to cover up misconduct; (3) allegations of failure to protect; and (4) allegations of keeping investigations internalized in order to prevent outside discovery. (Findley Decl. ¶ 5.)

Without endorsing Plaintiff's expanded definition of the term "untruthful," the Court finds that Plaintiff's request for clarification of the term is MOOT. Even under Plaintiff's definition, Defendants state that they have produced all relevant documents. The Court cannot compel production of documents that have already been produced.

## VI. CONCLUSION

Plaintiff's Motion for Reconsideration **DENIED**. The Court clarifies that it did intend for the inmates' names to be redacted in its original order. The Court still finds that Defendants are not required to disclose the names of the inmates who filed any grievances produced to Plaintiff in discovery.

As for Plaintiff's request for an expanded definition of the term "untruthful," the Court finds that Plaintiff's request is **MOOT** because Defendants represented that they have produced all documents responsive to Plaintiff's expanded definition.

IT IS SO ORDERED.

Dated: September 1, 2016

Hon. Bernard G. Skomal
United States Magistrate Judge