UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Roettgen,<br><br>                        Plaintiff,<br><br>v.<br><br>Foston, et al,<br><br>                        Defendant. | Case No.: 13cv1101-GPC-BGS<br><br>**ORDER**<br><br>**(1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF WITHHELD DOCUMENT**<br><br>**(2) DENYING AS MOOT NON-PARTY MOTION FOR A PROTECTIVE ORDER** |

**I.     BACKGROUND**

On May 4, 2016, the Court issued an order compelling Defendants to produce certain documents. (ECF No. 92.) The Court ordered the documents produced within seven days of issuance of a protective order limiting disclosure of the documents. (*Id.* at 18.) The Court issued a protective order on June 7, 2016. (ECF No. 96.) On June 14, 2016, Defendants served responsive documents by mail. (ECF No. 108 ¶ 3, Declaration of Christopher H. Findley in Response to Plaintiff's motion to Compel Defendants to Produce Records Responsive to Court Order.) Defendants withheld one document at the

1  request of a third-party correctional staff member [Captain Shirley Sanchez], and
2  produced a supplemental privilege log identifying the document.  (*Id.* ¶ 4.)
3      On August 18, 2016, Plaintiff filed a motion to compel production of this withheld
4  document.  (ECF No. 120.)  Also on August 18, 2016, non-party Captain Shirley Sanchez
5  filed a Motion for *In Camera* Review and Protective Order.  (ECF No. 116.)  In this
6  motion, Captain Sanchez explains that Defendant Hernandez was the subject of a
7  complaint filed by her, which involved a "very personal matter." (*Id.* at 2.)  This
8  complaint and resulting investigation is the document withheld by Defendants, and
9  identified in their supplemental privilege log.  Captain Sanchez requested this Court
10 conduct an *in camera* review of this document to determine whether it should be withheld
11 from disclosure in this case.  (*Id.* at 4.)
12     On August 23, 2016, this Court granted Captain Sanchez's request for an *in*
13 *camera* review of the document and ordered Defendants to provide the document to the
14 Court no later than August 26, 2016.  (ECF No. 121.)  Defendants provided the document
15 to the Court and the Court has reviewed the document.

16     **II.    RELEVANT LAW**
17     Federal Courts ordinarily recognize a constitutionally-based right of privacy that
18 can be raised in response to discovery requests.  *See Breed v. United States Dist. Ct. for*
19 *Northern District*, 542 F.2d 1114, 1116 (9th Cir. 1976) (balancing the invasion of
20 minor's privacy rights against the court's need for ward files); *Johnson by Johnson v.*
21 *Thompson*, 971 F.2d 1487, 1497 (10th Cir. 1992), *cert. den.* 507 U.S. 910, 113 S.Ct.
22 1255, 122 L.Ed.2d 654 (1993) (denying discovery of names of participants in a medical
23 study due to privacy interests of the individual participants); *Cook v. Yellow Freight Sys.,*
24 *Inc.*, 132 F.R.D. 548, 550–51 (E.D. Cal. 1990) (balancing targeted individual's right of
25 privacy against public's need for discovery in employment discrimination case).
26     However, the right to privacy is not absolute and can be outweighed. Courts
27 generally balance the need for the information against the severity of the invasion of
28 privacy.  *See Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604–05 (C.D. Cal. 1995

(finding that disclosing employment records is not "unusual or unexpected").  Disclosure of documents that implicate privacy concerns must be narrowly construed to limit the invasion "'to the extent necessary for a fair resolution of the law suit.'"  *Id.* at 605 (quoting *Cook*, 132 F.R.D. at 552).  In the context of the disclosure of police files, courts have recognized that privacy rights are not inconsequential and should be given "some weight."  *Kelly*, 114 F.R.D. at 656; *Denver Policemen's Protective Ass'n. v. Lichtenstein*, 660 F.2d 432, 435 (10th Cir. 1981).  However, "district courts in the Ninth Circuit have found that the privacy interests police officers have in their personnel files do not outweigh the civil rights plaintiff's need for the documents."  *Soto*, 162 F.R.D. at 617.

### III.   DISCUSSION

After a review of the document in question, the Court has determined that only limited portions of the document are responsive to what this Court ordered produced to Plaintiff.  Moreover, the Court finds that the document implicates the privacy interests of non-party Captain Sanchez.  This invasion of privacy must be balanced with Plaintiff's need for the information.  These two interests can be balanced by limiting the information disclosed to Plaintiff to only the information directly relevant to his case.  The Court finds that the following portions of the document should be disclosed:

AGO-417: The paragraph starting with "1." and ending with "NOT SUSTAINED" and the paragraph starting with "2." and ending with "NOT SUSTAINED"

AGO-422: The line starting with "I reviewed . . ." continuing to the following line and ending with "Unit . . ."

AGO-423: The fifth paragraph starting with "wrote 'I asked . . .'" and ending with "conversation . . ."

AGO-427: The line starting with "I reviewed a memorandum . . ." and ending with "out with her."

AGO-430: The heading "Interview Of" through the end of the page.

AGO-431: The paragraph starting with "June 26, 2014 . . ." through the next paragraph ending in "June 26, 2014, while in . . ."

AGO-431: The paragraph starting with "relayed that on . . . through the next paragraph ending with "while in her office."

AGO-442: The line starting with "On December 9, 2014 . . ." and ending with "(Exhibit 13)"

AGO-448: The fourth full paragraph on the page starting with "Regarding asking . . ." and ending with "(during their interview)"

If counsel for Defendants has any questions regarding what should be disclosed, they should contact chambers directly for clarification. The Court notes that the document presented to the Court contained redactions. For the portions of the document ordered disclosed to Plaintiff, the Court orders the same redactions be applied to protect the identities of those involved other than Defendant Hernandez. The Court orders production of this document subject to the conditions and agreements set forth in the protective order between the two parties. (ECF No. 96.)

### IV.     MOTION FOR PROTECTIVE ORDER BY NON-PARTY (ECF NO. 116)

On August 18, 2016, non-party Captain Sanchez filed a motion for protective order over the document in question. (ECF No. 116.)  The Court finds that the protective order already in place, in addition to the above described limitations on the production of the document, sufficiently protect the interests of Captain Sanchez. As such, the Court **DENIES** the non-party Motion for a Protective Order between Plaintiff and Captain Sanchez.

### V.     CONCLUSION

For the above stated reasons, Plaintiff's Motion to Compel is **GRANTED** in part and **DENIED** in part. Defendants must produce the portions of the document in

///
///
///
///

1  ///

2  question, as indicated above, no later than **September 16, 2016**.

3        Non-Party Motion for Protective Order is **DENIED**.

4        **IT IS SO ORDERED.**

6  Dated: September 9, 2016

                                            _____
                                            Hon. Bernard G. Skomal
                                            United States Magistrate Judge